IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00995-RPM

KELSON PHYSICIAN PARTNERS, INC., a Delaware corporation,

        Plaintiff,

v.

JEFFREY H. WINOKUR, an individual, and
ATLANTIC HEALTH PARTNERS, LLC, a Delaware limited liability company,

        Defendants.
_____

ORDER FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
_____

        This civil action began with a complaint filed on May 13, 2008, alleging jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship. The plaintiff, Kelson Physician Partners, Inc., is a Delaware corporation with its principal place of business in Aurora, Colorado. The defendant, Jeffrey Winokur, is a citizen of Connecticut where he resides and conducts business. The defendant Atlantic Health Partners, LLC, is a limited liability company, formed under Delaware law, with its principal place of business in Connecticut and whose members are residents of states other than Colorado. The complaint alleges venue under 28 U.S.C. § 1391(a)(2) and (3).

        There are ten claims for relief alleged. The first claim, brought against defendant Winokur, contends that he has breached the terms of a Noncompetition/Nondisclosure Agreement, entered into as of February 3, 1998, when he was first employed by Kelson. A copy of that contract is attached to the complaint as Exhibit A. It shows Kelson's

address as Bloomfield, Connecticut, and provides that all questions of construction, validity and interpretation of the agreement will be governed by the law of the State of Connecticut.  The other claims for relief are based on the plaintiff's contention that since leaving Kelson in June, 2007, Winokur, for himself and as a manager of Atlantic, has competed against the plaintiff in the business of assisting physician practice groups with vaccine procurement, inventory management and reimbursement issues in Connecticut, Massachusetts, Rhode Island, New York, New Jersey, Utah and Florida, using confidential and proprietary information taken from Kelson and has interfered with the plaintiff's relationships with its suppliers.  The plaintiff filed a motion for preliminary injunction and a motion for expedited discovery with the complaint.

On June 2, 2008, the defendants filed combined motions to dismiss under Fed.R.Civ.P. 12(b)(1)-(3), to transfer venue pursuant to 28 U.S.C. § 1406(a) and to dismiss certain claims under Rule 12(b)(6).  On June 10, 2008, this Court ordered the plaintiff to respond to the Rule 12(b)(2) and (b)(3) motions and denied the motion for expedited discovery.

The plaintiff filed its response on July 3, 2008, attaching a declaration of Mark Fitzharris, as chief executive officer of Kelson and submitted a motion for limited discovery on the issue of personal jurisdiction.

The defendants' reply was filed on July 28, 2008, with a supplemental declaration of Jeffrey H. Winokur.  The plaintiff replied to the defendants' opposition to discovery on August 12, 2008.

There are factual disputes raised by the declarations filed.  There is no dispute

that Winokur was hired by Kelson in Connecticut and worked for the plaintiff there. Kelson moved its corporate offices to Colorado in May, 2006. Winokur remained in Connecticut and continued his work for the plaintiff. Necessarily, Winokur was in communication with Fitzharris and others in Colorado in the conduct of the business. That business involved service to physician groups in more than 30 states, most of them in Florida, Tennessee and Virginia.

The plaintiff claims that the exercise of this court's jurisdiction over both defendants in Colorado is justified by the impact of the defendants' conduct on it at its corporate headquarters. That contention is problematic. The plaintiff also contends that venue is proper because a substantial part of the events giving rise to the claims occurred in Colorado. That has not been shown. Venue is not proper as to the defendant Winokur. He must be sued in Connecticut. The plaintiff argues that venue may be in Colorado for the claims against Atlantic, treating it as a corporation. That argument depends upon whether Atlantic is subject to personal jurisdiction in this court. That is a doubtful premise.

Given that the issues in this case may affect many non-parties and the public interest in many states, this Court concludes that litigating the issues of personal jurisdiction here will delay adjudication of the merits of this case. Prudence dictates transfer to the District of Connecticut where this case could and should have been brought. The plaintiff does business throughout the nation and will not be harmed by this transfer to a state in which it previously had its headquarters and whose law must be applied in the contract dispute at the core of this litigation. Accordingly, it is

ORDERED, that pursuant to 28 U.S.C. § 1406(a), this civil action is transferred to

the United States District Court for the District of Connecticut.

DATED: September 23rd, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge